**HAGNER & ZOHLMAN, LLC**
57 Kresson Road
Cherry Hill, New Jersey 08034
(856) 663-9090
Attorneys for the Plaintiff, Sandra Mucciacciaro
Thomas J. Hagner, Esq. (#023401975)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDRA MUCCIACCIARO<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY d/b/a THE HARTFORD<br><br>Defendant. | Civil Action No.:<br><br><br><br><br><br>**COMPLAINT** |

Plaintiff, Sandra Mucciacciaro, by way of Complaint against Defendant, Hartford Life and Accident Insurance Company d/b/a The Hartford ("Hartford"), says:

1. This is an action to redress the wrongful denial of long-term disability benefits rightfully due to the Plaintiff pursuant to the Dimensional Dental Holdings, LLC Group Disability Policy Plan underwritten Hartford, of which she is a participant.

### JURISDICTION AND VENUE

2. This action is brought pursuant to Sections 502(a)(1)(B), (a)(1)(3), (c), and (g)(1), of ERISA, 29 U.S.C. §1132(a)(1)(B) and (g)(1).  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §502(e)(1) of ERISA, 29 U.S.C. §1132 (e)(1).  Pursuant to §502(f) of ERISA, 29 U.S.C. §1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

Page 1 of 7

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(c) in that there were sufficient contacts in this District by Defendant including the marketing, selling and issuance of the subject policy of insurance as well as frequent contacts with the Plaintiff herein.

## PARTIES

4. Plaintiff, Sandra Mucciacciaro, is a New Jersey resident residing at 1 Claver Hill Way, Mt. Laurel, New Jersey 08054.

5. Plaintiff is a participant in the health and welfare plan issued to her employer, Dimensional Dental Holdings, LLC under Group Policy #GLT-680518 ("the Policy"). The Policy at all times pertinent hereto was underwritten by Hartford which is a corporation engaged in the marketing, selling, and issuance of insurance policies in the State of New Jersey, County of Camden.

## FACTUAL BACKGROUND

6. Plaintiff was employed by Dimensional Dental Holdings, LLC/Eastern Dental of Marlton as a Dental Hygienist.

7. Commencing in 2017 Plaintiff began experiencing extreme pain in her lower back including a burning sensation down her right thigh.

8. In December, 2019 Plaintiff advised her employer that her job, which required her to bend over patients a substantial part of the day, was causing her to experience an exacerbation of pain at which time she requested the opportunity to work reduced hours.

9. Ultimately Plaintiff determined that she was no longer able to perform the duties of her job and submitted a letter of resignation on June 3, 2020 giving two weeks notice for a last day of work on June 17, 2020.

10. After her last day of work Plaintiff submitted an application for long term disability benefits. Plaintiff's application was denied by letter dated July 31, 2020.

11. The July 31, 2020 denial letter stated that after a review of the claim it was "determined that as of the date of disability, 06-18-2020, you were not covered under the long-term disability LTD (LTD) benefits plan. Because of this, we cannot consider your claim for long term disability (LTD) benefits."

12. The July 31, 2020 denial letter elaborated that Plaintiff was hired on June 8, 2012 and had a last day of work of June 17, 2020, and, because Plaintiff had worked on June 17, 2020, Hartford "determined that your date of Disability was 06-18-2020."

13. In response to the July 31, 2020 denial letter Plaintiff submitted an appeal including the following information: She was being treated at Rothman Orthopedics with Dr. Sinha beginning October, 2019 through March, 2020 and it was determined that she suffered from two bulging spinal disks and one herniated disk causing excruciating pain, particularly having to bend over patients; on December 9, 2019 she presented a note from Dr. Sinha to her supervisor requesting that her hours be reduced; after many months of suffering she resigned on June 3, 2020 giving two weeks notice because her spinal pain and become unbearable; not only had the disability began before she resigned but her employer was well aware of the problem; the inclusion of the date of June 18, 2020 on her application was the product of a misunderstanding about the meaning of the application; both the Office Manager, John Riggle, as well as the Office Director, Dr.

Elon Schwartz, were informed about Plaintiff's inability to work without excruciating pain; included was a copy of an email from Plaintiff to the HR Department dated June 14, 2020 stating "I am sure you have been informed by now that I am leaving Eastern Dental of Marlton due to back problems. I have two bulging disks and one herniated disk in my back which has become too painful to lean over patients all day."

14. The application for long term disability benefits dated July 25, 2020 which the Plaintiff submitted made it clear that her disability began while she was still employed.

15. For example, the application asked "What aspect of your condition made you unable to work?" to which Plaintiff responded "Can't lean over to see patient's mouths without extreme pain in lower back and burning sensation down right thigh."

16. Further, the application contained the question "Is your condition related to work activities of your work place?" to which Plaintiff responded in the affirmative providing the following explanation, "Constant leaning over to see in patient's mouths for 8 hours a day for the past 30 years."

17. Plaintiff submitted medical documentation substantiating her medical condition and diagnosis prior to her last day of work.

18. For example, Plaintiff submitted a medical record from Dr. Sinha of Rothman dated October 28, 2019 confirming the diagnosis of lumbar radiculopathy and two years of low back pain. According to the record, Plaintiff's back pain was "primarily right-sided. It radiates into the right him and right anterior thigh where she has some paresthesia." According to the record "she works with a back brace, which gives her some slight relief, but her job does require bending and leaning which tends to aggravate her condition."

19. Plaintiff submitted an MRI dated December 14, 2019 showing small to moderate/left lateral recessed disk herniation at L3-4 extending into the left neural foramen as well as L5-S1 minimal right foraminal narrowing.

20. Plaintiff also submitted medical records from her primary doctor, Dr. Albert Puleo confirming her condition in 2019 and during the first half of 2020.

21. Nevertheless, Defendant denied Plaintiff's appeal by letter of October 16, 2020 stating in pertinent part that Plaintiff "could not be disabled" prior to the day after she stopped working "as you were performing the Essential Duties of Your Occupation and You did not have coverage under this Policy on 6/18/20 as you had resigned on 6/17/20."

22. Defendant's determination that Plaintiff could not have been disabled on June 17, 2020 because she reported for work that day, albeit in excruciating pain exacerbated by her work duties, was irrational, illogical and contrary to common sense.

## FIRST COUNT – ERISA

23. The Defendant has wrongfully failed and refused to provide Plaintiff with the benefits she is entitled to receive pursuant to the subject long-term disability policy despite Plaintiff having duly made a claim and exhausted all necessary administrative remedies.

24. The failure of the Defendant to provide Plaintiff with long-term disability benefits is a violation of ERISA.

25. As a direct and proximate result of the aforesaid denial of benefits, Plaintiff has sustained, and continues to sustain, economic loss and damage.

26. Pursuant to §502(a)(1)(b) of ERISA, 29 U.S.C. §1132(a)(1)(b), Defendant is obligated to provide Plaintiff with all past and future benefits that have been wrongfully denied.

...

19. Plaintiff submitted an MRI dated December 14, 2019 showing small to moderate/left lateral recessed disk herniation at L3-4 extending into the left neural foramen as well as L5-S1 minimal right foraminal narrowing.

20. Plaintiff also submitted medical records from her primary doctor, Dr. Albert Puleo confirming her condition in 2019 and during the first half of 2020.

21. Nevertheless, Defendant denied Plaintiff's appeal by letter of October 16, 2020 stating in pertinent part that Plaintiff "could not be disabled" prior to the day after she stopped working "as you were performing the Essential Duties of Your Occupation and You did not have coverage under this Policy on 6/18/20 as you had resigned on 6/17/20."

22. Defendant's determination that Plaintiff could not have been disabled on June 17, 2020 because she reported for work that day, albeit in excruciating pain exacerbated by her work duties, was irrational, illogical and contrary to common sense.

## FIRST COUNT – ERISA

23. The Defendant has wrongfully failed and refused to provide Plaintiff with the benefits she is entitled to receive pursuant to the subject long-term disability policy despite Plaintiff having duly made a claim and exhausted all necessary administrative remedies.

24. The failure of the Defendant to provide Plaintiff with long-term disability benefits is a violation of ERISA.

25. As a direct and proximate result of the aforesaid denial of benefits, Plaintiff has sustained, and continues to sustain, economic loss and damage.

26. Pursuant to §502(a)(1)(b) of ERISA, 29 U.S.C. §1132(a)(1)(b), Defendant is obligated to provide Plaintiff with all past and future benefits that have been wrongfully denied.

27. Defendant's failures include, but are not limited to, the failure to pay benefits; and failure to consider Plaintiff's second level of appeal.

28. Pursuant to §502(g)(1) of ERISA, 29 U.S.C. §1133(g) Defendant is also liable to Plaintiff for reasonable attorney's fees incurred and costs of this action.

**WHEREFORE**, Plaintiff, Sandra Mucciacciaro, demands judgment against Defendant for:

1. An Order directing Defendant to provide Plaintiff benefits under the Plan;

2. An Order requiring Defendant to award to Plaintiff total disability benefits due and owing to her from the date of termination of benefits to the present, with an award of pre-judgment interest.

3. An Order declaring that Plaintiff is to continue to receive disability benefits in the future for as long as she continues to qualify for benefits under the Plan.

4. An Order requiring the Plan to continue to provide to Plaintiff all available benefits to which she is entitled as a disabled employee under the terms of the Plan and/or to instruct their agents, contractors or other entities, to establish all other benefits due to Plaintiff in her capacity as a disabled employee including, without limitation, continued medical, vision and dental insurance coverage, and continued life insurance coverage and pension credited service and vested service. Plaintiff shall be reimbursed all monies paid for such benefits from the termination of her disability claim to the present, including reimbursement of all premiums paid for such benefits.

5. Payment of reasonable attorney's fees pursuant to 29 U.S.C. §1132(g), costs incurred in this action; and for such other and further relief as the Court deems appropriate, fair, and just under the circumstances.

**HAGNER & ZOHLMAN, LLC**
Attorneys for Plaintiff


BY:  */s/ Thomas J. Hagner*
Thomas J. Hagner

Dated: 3/17/22